IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RANDY L. HOGE JR**, | Case No. 6:20-cv-1096-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **DEPUTY KORN, DEPUTY MILLER, DEPUTY HEADRICK;** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Randy L. Hoge Jr., *pro se*, brings this suit under 42 U.S.C. § 1983 against Deputy Korn, Deputy Miller, and Deputy Headrick (collectively, Defendants), three deputies at the Marion County Jail (the Jail) who are alleged to have conducted hourly cell-checks at night by shining LED flashlights directly into detainees' eyes, waking them from their sleep. Plaintiff requests both money damages and injunctive relief. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's suit for failure to state a claim. United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on December 21, 2020. (ECF 27.) Judge Russo recommends that the Court grant Defendants' motion to dismiss Plaintiff's request for injunctive relief but otherwise deny Defendants' motion.

PAGE 1 – ORDER

Plaintiff objects to Judge Russo's recommendation that the Court dismiss Plaintiff's request for injunctive relief. (ECF 30.) No party objects to Judge Russo's recommendation that the Court otherwise deny Defendants' motion. After a *de novo* review considering Plaintiff's objections, Defendants' response, and the underlying briefing before Judge Russo, the Court ADOPTS Judge Russo's Findings and Recommendation.

## STANDARDS

### A. Review of a Magistrate Judge's Findings and Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

PAGE 2 – ORDER

B.  **Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## C. *Pro Se* Pleading Standard

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff was detained at the Jail from October 22, 2019 until September 1, 2020. During his time at the Jail, Plaintiff was subject to hourly checks that occurred throughout the night. As alleged by Plaintiff, some deputies used bright LED flashlights to conduct these checks. Some deputies shone their LED flashlights into detainees' cells during hourly checks throughout the

night such that detainees were abruptly awoken by the light in their face. Jail rules prohibited detainees from covering their heads to block the light. Plaintiff is no longer at the Jail. He is now incarcerated at the Eastern Oregon Correctional Institution (EOCI) in Pendleton, Oregon. Plaintiff brought this suit on July 6, 2020, about two months before he was transferred out of the Jail on September 1, 2020.

## DISCUSSION

### A. Section 1983 Claim and Request for Damages

Judge Russo concluded that Plaintiff stated a damages claim under Section 1983. As outlined above, no party objected to this portion of the Findings and Recommendation. The Court follows the recommendation of the Advisory Committee and reviews this portion of the Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court ADOPTS this portion of Judge Russo's Findings and Recommendation.

### B. Request for Injunctive Relief

Plaintiff objects to the portion of Judge Russo's Findings and Recommendation recommending that the Court dismiss Plaintiff's request for injunctive relief. The Court reviews this issue *de novo*. In their motion, Defendants argue that a plaintiff may only seek injunctive relief if there is a threat of future injury to that plaintiff. Because Plaintiff is no longer incarcerated at the Jail and therefore not subject to the alleged practices, Judge Russo found that Plaintiff lacked standing to seek injunctive relief. Plaintiff objected, arguing without legal authority that Judge Russo should have considered the plight of those currently detained in the Jail.

A plaintiff "must show standing with respect to each form of relief sought." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011). "A plaintiff seeking prospective

injunctive relief must demonstrate that he is realistically threatened by a *repetition* of the violation." (simplified) (emphasis in original). *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014). In other words, Plaintiff must allege that he faces a real, immediate threat of irreparable future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff has not alleged any facts showing that he faces a real, immediate threat of future harm caused by the Jail. Plaintiff is no longer detained at the Jail and has not alleged that he is imminently returning to the Jail for an overnight stay for any reason, or that there is a real, immediate threat he will be made to return to the Jail. He thus has not alleged facts showing that he is realistically threatened with a repetition of the harm he alleges the Jail's practices cause. Therefore, the Court ADOPTS this portion of the Findings and Recommendation.

Because it is not "absolutely clear" that Plaintiff could not cure this deficiency, the Court grants Plaintiff leave to file a Second Amended Complaint. *Garity*, 828 F.3d at 854. Plaintiff, however, may only do so if he can allege in good faith facts showing that he is realistically threatened by these Defendants with a repetition of the violation at the Jail. In other words, that he faces a real, immediate threat of returning to the Jail (such as if he succeeded on an appeal and is facing a transfer to the Jail for a retrial or has an imminent transfer to the Jail for a hearing).

## CONCLUSION

The Court **ADOPTS** Judge Russo's Findings and Recommendation. ECF 27. The Court **GRANTS IN PART** Defendants' Motion to Dismiss. ECF 10. The Court dismisses Plaintiff's request for injunctive relief and otherwise denies Defendants' Motion to Dismiss. If Plaintiff believes he can cure the deficiencies identified in this Order, he may file a Second Amended Complaint within 21 days of the filing of this Order.

**IT IS SO ORDERED**.

DATED this 2nd day of April, 2021.

                                                    /s/ *Michael H. Simon*
                                                    Michael H. Simon
                                                    United States District Judge