IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RANDY L. HOGE, JR.**, | Case No. 6:20-cv-1096-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **DEPUTY KORN, DEPUTY MILLER, DEPUTY HEADRICK**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on June 29, 2021. ECF 68. Judge Russo recommended that this Court deny Plaintiff's Motion for Summary Judgment (ECF 39) and grant Defendants' Cross-Motion for Summary Judgment (ECF 49).

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff filed a timely objection[1]. ECF 70. Plaintiff objects that Defendants did not provide him with his full medical record, that there is an issue of fact remaining as to whether the amount of light used to do security checks was constitutional, and that Defendants do not have qualified immunity. Plaintiff does not provide a basis for his objection to Judge Russo's recommended finding that Defendants are entitled to qualified immunity. A general objection to a Findings and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"). Judge Russo's recommended finding on qualified immunity, therefore, is reviewed for clear error. No such error

---

[1] Plaintiff also filed a "Motion to Alter or Amend Judgment" (ECF 74), which is simply a repetition of his objection to Judge Russo's findings and recommendation and is construed by the Court as a supplemental objection.

PAGE 2 – ORDER

is apparent, and the Court adopts Judge Russo's recommended finding that Defendants are entitled to qualified immunity for the periodic use of flashlights to perform safety checks that may awaken sleeping inmates.

Plaintiff also argues that Defendants did not provide Plaintiff's entire medical record to him before filing their motion for summary judgment and that the medical records will show that Plaintiff was injured by Defendants' conduct rather than his own decision to stop taking his medication. Judge Russo found that a genuine issue of fact existed as to the effect of Defendants' conduct on Plaintiff's sleep and mental health. This dispute, however, did not preclude summary judgment because there was no evidence establishing a genuine issue of fact as to the other elements necessary to prove Plaintiff's claim. The failure to produce Plaintiff's additional records, therefore, do not preclude summary judgment. Further, in response to Plaintiff's objection, Defendants provided the Declaration of Curtis M. Glaccum explaining that Plaintiff never served any discovery requests upon Defendants. ECF 77.

In addition, Plaintiff argues that a genuine issue of fact remains as to what amount of light is necessary for Defendants to perform the safety checks for which they use the flashlights at issue. Judge Russo found that there was no genuine dispute of fact as to whether the amount of light used exceeded, in brightness, intensity, or duration of exposure, the amount necessary to accomplish the legitimate penological justification of ensuring prisoner safety. Defendants provided declarations in connection with their Motion for Summary Judgment, stating that flashlights are used as necessary to observe sleeping inmates, only for as long as necessary to achieve the related safety and security goals. Plaintiff asserts only allegations and has not provided sufficient evidence to establish a genuine issue as to whether the lighting conditions constitute an Eighth Amendment violation.

The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Plaintiff has objected, as well as Defendants' response. The Court ADOPTS Judge Russo's Findings and Recommendation (ECF 68), DENIES Plaintiff's Motion for Summary Judgment (ECF 39), and GRANTS Defendants' Motion for Summary Judgment (ECF 49).

**IT IS SO ORDERED.**

DATED this 9th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge